CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
DEC 16 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERWIN OSBOURNE, ) | |
| Plaintiff, ) | Civil Action No. 7:05cv00756 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE JOHNSON, et al., ) | By: Jackson L. Kiser |
| Defendants. ) | Senior U.S. District Court Judge |

This matter is before the court upon plaintiff's complaint filed pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343.[1] Upon review of court records, I find that his § 1983 action must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g), and his motion for injunctive relief will be denied.

Section 1915(g), enacted as part of the Prison Litigation Reform Act of 1996 ("PLRA"), provides that a prisoner may not bring a civil action without prepayment of the filing fee

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The court takes judicial notice of the fact that plaintiff has had at least three civil actions dismissed for failure to state a claim by this court. See Osbourne v. Yergen, Civil Action No. 7:99CV00799; Osbourne v. Fowler, Civil Action No. 7:00CV00125; and Osbourne v. Sumners, Civil Action No. 7:00CV00403. The court thus finds that plaintiff has at least three "strikes" within the meaning of 28 U.S.C. §1915(g). Plaintiff has been advised by this court that he has three strikes and that, in

---

[1] Although Osbourne styles his complaint as "Motion for Judgment or Order" pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, he is challenging the state court's refusal to hear his complaints regarding Red Onion State Prison's institutional mail policy. Accordingly, as his complaint both in this court and in the state court relates specifically towards a condition of his confinement, this action is properly considered under 42 U.S.C. §1983.

order to now proceed in a § 1983 cause of action, he must prepay the $150.00 filing fee.[2]

Plaintiff does not allege that he is in any danger. Rather, he complains only of alleged unfairness in institutional mail policies which prohibit inmates from receiving items from a publisher which they have not specifically purchased, any items which weigh more than one ounce, and confiscating and holding any property which does comply with institutional mail policies. Even if unfair, these policies do not present any indication that Osbourne is currently under any threat of *imminent* physical harm as contemplated under §1915(g).

Accordingly, as plaintiff has three "strikes" within the meaning of §1915(g) and as he has failed to demonstrate any imminent danger of serious *physical* harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee in this § 1983 cause of action, I find that this complaint must be dismissed without prejudice pursuant to 28 U.S.C. §1915(g).

The Clerk of the Court is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 16th day of December, 2005.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[2] See Osbourne v. Sumners, Civil Action No. 7:00CV00403.