CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 26 2006
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DERWIN OSBOURNE, | ) | |
| Plaintiff, | ) | Civil Action No. 7:05cv00756 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Jackson L. Kiser |
| Defendants. | ) | Senior U.S. District Judge |

The plaintiff, Derwin Osbourne, a Virginia inmate proceeding pro se, has filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] By order entered December 16, 2005, this court dismissed Osbourne's complaint pursuant to 28 U.S.C. § 1915(g) finding that he had three "strikes" within the meaning of §1915(g) and that he failed to demonstrate any imminent danger of serious physical harm sufficient to allow him to proceed in forma pauperis without prepayment of the $250.00 filing fee in this §1983 cause of action nor had he prepaid the filing fee. However, petitioner has now paid the filing fee due in the instant matter, accordingly Osbourne's motion for reconsideration of the court's December 16, 2005, Order is hereby granted.

---

[1] Osbourne styles his complaint as a motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and seeks this court review the Virginia state courts' dismissal of his civil suit. However, lower federal courts do not have jurisdiction to review the judgments of state courts. Plyer v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). See also District of Columbia Ct. App. V. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Plyer, 129 F.3d at 731; 28 U.S.C. §1257. But see, Plyler, 129 F.3d at 732 (recognizing lower federal courts' jurisdiction to review final judgments of state courts in federal habeas corpus proceedings). Accordingly, this court does not have the authority to review the Virginia state courts dismissal of Osbourne's civil action. However, to the extent Osbourne now raises claims regarding his conditions of confinement, which he admits are identical to those raised in the dismissed state court proceedings, this court will consider those claims to on the merits under 42 U.S.C. § 1983.

In his complaint, plaintiff alleges defendants violated his First and Fourteenth Amendment rights by refusing to allow him access to books and magazines which have not been personally ordered by the plaintiff and paid for by the plaintiff with from funds deducted from his inmate account and by refusing to allow him to receive incoming correspondence which exceeds one ounce in weight. Plaintiff seeks injunctive relief and monetary damages. After reviewing his complaint, I am of the opinion that Osbourne's complaint must be dismissed pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.

A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief. To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that such deprivation is a result of conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). However, a complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under 28 U.S.C. § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Osbourne purports that the defendants' institutional policy which permits inmates to only receive publications which that inmate has personally ordered and paid for from his inmate account and which restricts inmates' incoming personal correspondence to letters weighing no more than one ounce, violates his First Amendment rights. Although a prisoner retains certain First Amendment rights, including the right to receive publications while incarcerated, the prison may place restrictions on inmates' receipt of written materials. Turner v. Safley, 482 U.S. 78, 89

(1987). And, to the extent those regulations infringe on an inmate's constitutional rights, so long as they are "reasonably related to a legitimate penological interest" those restrictions are valid. Id. In order to determine if the regulation relied upon is constitutionally permissible, the court must consider the following factors: 1) whether there is a logical connection between the regulation and a legitimate governmental interest; 2) if the inmate has an alternate means of exercising the right in question; and 3) if accommodating the inmate's right would severely impact other inmates, prison officials, and allocation of prison resources. Id. at 89-90. However, the court must give prison officials considerable deference in determining what regulations are reasonably necessary to maintain order and safety within the institution. See Thornburgh v. Abbott, 490 U.S. 401, 404-07 (1989).

Accordingly, the court need only consider if the prison's policy regarding incoming publications and limitations on the weight of incoming personal mail is reasonably related to a "legitimate peneological interest." Turner, 482 U.S. at 87. It is clear that prison administrators have a legitimate interest in maintaining safety and order within the institution. See Hodges v. Virginia, 871 F.Supp. 873, 876 (W.D.Va. 1994), rev'd on other grounds, Montcalm Publ. Corp. v. Beck, 80 F.3d 105 (4 th Cir. 1996)(finding that security, discipline, order, public safety, and rehabilitation interests need no defense). Furthermore, in light of evidence that books, magazines, lengthy correspondence, and stuffed envelopes can be used to smuggle contraband into prison and a significant amount of time would be devoted to inspecting the potentially voluminous materials forwarded to the prison which have neither been ordered nor paid for by the receiving inmate, multi-page correspondence, and stuffed envelopes, a policy which permits inmates to only receive written materials ordered and paid for by that inmate and/or personal

correspondence weighing no more than one ounce, does not violate an inmate's First Amendment rights. See Bell v. Wolfish, 441 U.S. 520, 550-551 (1979), Zacek v. Hutto; 642 F.2d 74, 75 (4th Cir. 1981).

Further, to the extent Osbourne claims that defendants have denied him the ability to further his education by refusing to allow him to receive written materials from a publisher which he has neither paid for nor ordered and by only permitting an inmate to receive correspondence which does not exceed one ounce in weight, it fails. The Eighth Amendment does not guarantee an inmate the right to educational opportunities. See Rhodes v. Chapman, 452 U.S. 337, 347-48 (1981) ("[L]imited work hours and delay before receiving education do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments. We would have to wrench the Eighth Amendment from its language and history to hold that delay of these desirable aids to rehabilitation violates the Constitution."); Gholson v. Murry, 953 F.Supp. 709, 719 (E.D. Va. 1997) ("[I]t is unlikely that contemporary society would find the deprivation to segregation inmates of work opportunities and certain types of education to be cruel and unusual punishment."). Accordingly, I find that Osbourne has failed to allege a claim of constitutional magnitude under the Eighth Amendment regarding defendants' refusal to allow him to pursue his "education."

### III.

Based on the foregoing, I find that Osbourne has failed to state any claim of constitutional magnitude and therefore dismiss his complaint pursuant to §1915A(b)(1).

The Clerk of the Court is directed to send a certified copy of this Opinion and accompanying Order to plaintiff and to counsel of record for the defendants.

**ENTER**: This 26th day of January, 2006.

/s/ Jackson L. Kiser
Senior United States District Judge