CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 17 2006
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DERWIN OSBOURNE,<br>Plaintiff, | Civil Action No. 7:05cv00756 |
| v. | **MEMORANDUM OPINION &<br>ORDER** |
| GENE JOHNSON, et al.,<br>Defendants. | By: Jackson L. Kiser<br>Senior U.S. District Court Judge |

This matter is before the court upon plaintiff Derwin Osbourne's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By order entered January 26, 2006, Osbourne's complaint was dismissed pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Osbourne now argues that this court lacked jurisdiction to consider his complaint and infringed on his right to file an appeal of his state court claims in the United States Supreme Court. Upon review of the present motion, I conclude Osbourne is not entitled to any relief.

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). However, the purpose of Rule 60(b) is not to

1

rehash those issues which have already been addressed in an earlier ruling. <u>CNF Constructors, Inc. v. Dohohoe Construction Co.</u>, 57 F.3d 395, 401 (4th Cir. 1995).

Osbourne has not alleged any of the factors listed in Rule 60(b) which would support granting relief. Rather, Osbourne now claims that he was unaware that the proper avenue for appealing his state claims was in the United States Supreme Court and argues that this court improperly construed his complaint as a civil action brought pursuant to 42 U.S.C. § 1983. However, as mere ignorance as to the proper procedures for filing claims and appeals does not warrant relief under Rule 60(b) and as Osbourne admittedly brought claims regarding the conditions of his conditions of confinement, I find that his complaint was properly considered under 42 U.S.C. § 1983. Therefore, I find that relief under Rule 60(b) is not appropriate. <u>Id</u>.

Based on the foregoing, Johnson's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**.

The Clerk of the Court is directed to send certified copies of this order to plaintiff and counsel of record for the defendants.

ENTER: This 17th day of February, 2006.

_____
Senior United States District Judge